UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Kojo Soweto Ameen, # 90517, | ) | C/A No.: 0:07-cv-3953-GRA-BM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| State of South Carolina; and | ) | |
| Department of Probation, Parole and | ) | |
| Pardon Services, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on December 17, 2007, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.  Plaintiff filed this action on December 10, 2007, pursuant to 42 U.S.C. § 1983.  The magistrate recommends that this Court summarily dismiss the State of South Carolina and the South Carolina Department of Probation, Parole and Pardon Services, *without prejudice* and without issuance and service of process.

Plaintiff brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow

1

for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Plaintiff filed a timely objection on December 28, 2007. He filed supplemental objections on January 9, 2008.

The magistrate recommends summary dismissal based on the Eleventh Amendment. (R & R at 3.) In addition to dismissing the case on Eleventh Amendment grounds, the magistrate also directed Plaintiff to the Fourth Circuit's decision in *Cavanaugh v. Roller*, 984 F.2d 120 (4th Cir.), *cert. granted*, 509 U.S. 939 (1993)*, cert. dismissed as improvidently granted*, 510 U.S. 42 (1993). The magistrate cited this case to illustrate that a prisoner litigant is not entitled to parole as a matter of right; instead, the State need only consider the question of parole every year. *Cavanaugh*, 984 F.2d at 124. The magistrate noted that "[t]here is no indication in Plaintiff's complaint that his parole application was not timely or properly considered. Rather, Plaintiff is simply dissatisfied with the outcome of his parole hearing." (R & R at 4.)

Plaintiff objects to the magistrate's dismissal of his complaint "base[d] on the fact that his parole hearing was not timely or properly handled." (Pl's Obj. at 1-2.) Plaintiff argues that he was not considered for parole in 2005, and therefore, "an error in procedure was committed . . ." (Pl's. Obj. at 2.) Regardless of the issue of whether the State of South Carolina conducted a parole hearing in 2005, the primary reason for summary dismissal of Plaintiff's § 1983 action is because the defendants are immune from suit as a result of the Eleventh Amendment. As the magistrate stated, "the Eleventh Amendment to the United States Constitution divests this court of

3

jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department." (R & R at 3.) (citing *Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002) *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984)). Since Plaintiff sued a state and a state agency, summary dismissal was proper. Therefore, the plaintiff's objection is without merit.

Plaintiff's supplemental objections state that he is suing Chairperson Gwendolyn A. Bright and Director Samuel B. Glover of the Department of Probation, Parole, and Pardon Services in their official capacities. The magistrate judge addressed this issue in the Report and Recommendation and stated that "[e]ven if Plaintiff had named the members of the . . . Parole Board as defendants in this case, applicable case law indicates that the members of the Parole Board are entitled to quasi judicial immunity from suit with respect the decision of whether to grant or deny applicable for parole." (R & R at 4) (citing *Sellars v. Procunier*, 641 F.2d 1295, 1302-04 (9th Cir.), *cert.denied*, 454 U.S. 1102 (1981); *Threat v. Russi*, 848 F. Supp. 65, 67 (W.D.N.Y. 1992)). Moreover, the magistrate noted that "the two defendants in the above-captioned case cannot be held liable for the actions of the parole Board, even if they were otherwise subject to suit under § 1983, as the doctrine of vicarious liability and the doctrine of 'repsondeat superior' are not applicable in § 1983 actions." (R & R at

4

4) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 927-29 & nn. 1-2 (4th Cir. 1977)).  As such, Plaintiff's supplemental objections are without merit.

After a review of the magistrate judge's Report and Recommendation, this Court finds that the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED THAT the case be DISMISSED *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

January 14 , 2008

### NOTICE OF RIGHT TO APPEAL

The parties have the right to appeal this Order within thirty (30) days from the of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.